UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61189-CIV-SINGHAL/STRAUSS

ACCELERANT SPECIALITY INSURANCE COMPANY,

    Plaintff,

v.

SV GRATITUDE LLC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court on Plaintiff's Motion to Dismiss Counterclaim ("Motion") (DE [14]). The Motion was referred to Magistrate Judge Jared M. Strauss for a Report and Recommendation on October 28, 2024 (DE [20]). In the Motion, Plaintiff/Counter-Defendant ("Accelerant") moved to dismiss to Defendant/Counter-Plaintiff's ("SV Gratitude") Counterclaim. The magistrate judge issued a Report and Recommendation on December 16, 2024, recommending that the Motion be granted in part and denied in part (DE [27]). Judge Strauss recommends that this Court reject Accelerant's contention that the Counterclaim constitutes a "shotgun" pleading. (DE [27], p. 5). Further, he recommends that this Court deny the Motion as it relates to Count I but dismiss Count II. (DE [27], p. 14). Accelerant filed its Partial Objection to Report and Recommendation on Motion to Dismiss Counterclaim on January 13, 2025 (DE [30]).

    I.    **BACKGROUND**

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Strauss. This Court adopts Judge Strauss's description of the

factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [27]) and incorporates that background by reference herein.

In the Motion, Accelerant moved to dismiss the Counterclaim on three grounds. First, Accelerant argues that the entire counterclaim is a shotgun pleading and should be dismissed accordingly. (DE [14], p. 2.) Second, Accelerant contends that in its "Breach of Contract and Bad Faith" ("Count I") claim, SV Gratitude fails to state a claim upon which relief can be granted because New York State law does not recognize a claim for a bad faith denial of insurance coverage.[1] *Id.* Third, Accelerant argues that SV Gratitude's "Fraud" ("Count II") claim should be dismissed because it is duplicative and does not comply with the heightened pleadings standard for fraud set forth in Federal Rule of Civil Procedure 9(b). *Id.*

In its objection, Accelerant accepts Judge Strauss's view that the Counterclaim is not a "shotgun pleading" and that Count II of SV Gratitude's Counterclaim should be dismissed. (DE [30], p. 2). Accelerant only objects to Judge Strauss's recommendation that this Court deny its Motion as to Count I of the Counterclaim, and it reiterates its argument that SV Gratitude cannot assert a claim for bad faith denial of insurance coverage. (DE [30], p. 2). This Court will review these arguments in turn.

## II. **STANDARDS OF REVIEW**

### A. Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part,

---

[1] Both parties agree that New York State law applies. (DE [14], p. 2.); (DE [16], p. 5).

the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

B. <u>Motion to Dismiss</u>

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not

entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III.  DISCUSSION

In its Counterclaim, SV Gratitude states that

> as a direct, proximate and consequential result of [Accelerant's] breach of contract and bad faith, Defendant has suffered damages including the cost of repairs and/or total loss value of the vessel if not repairable, storage fees, dock fees, haul out fees, survey and inspection fees and costs, fees associated with transporting the vessel, and in addition seeks prejudgment interest, attorney's fees, bad faith penalties, and any other damages allowable by law.

(DE [8], ¶ 21). "Consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *See Panasia Ests., Inc. v. Hudson Ins. Co.*, 886 N.E.2d 135, 137 (N.Y. 2008)) (quoting *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 886 N.E.2d 127, 130 (N.Y. 2008)).

The Report finds that "while it is true SV Gratitude cannot assert a claim for bad faith denial of insurance coverage separate and apart from its breach of contract claim, it is also true that an insured may seek consequential damages for an insurer's bad faith denial of coverage if such damages were reasonably contemplated at the time of contracting." (DE [27], p. 8); *see Bi-Econ. Mkt.*, 886, N.E.2d at 130 (allowing a party to collect consequential damages against an insurance company that denied coverage in bad faith).

Accelerant argues that *Bi-Economy* is not applicable to the instant case and that this Court should interpret *Bi-Economy* "narrowly." (DE [30], p. 4-5). Accelerant relies on

Judge Smith's dissent in *Bi-Economy* to support this point. *See* (DE [30], p. 5) ("[t]he whole idea of 'consequential damages' is out of place in a suit … where the obligation breached is merely one to pay money") (quoting *Bi-Econ. Mkt*., 886, N.E.2d at 197 (Smith, J., dissenting)).  Courts have widely accepted *Bi-Economy* as good law, and this Court does so as well.  *See, e.g.*, *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.,* 759 F. App'x 280, 297 (5th Cir. 2019) ("A party alleging breach of contract is not required to specifically plead general damages, as those damages directly flow from and are considered the "natural and probable" consequence of the alleged breach."); *see also Davis v. Great N. Ins. Co*., 2021 WL 5577233, at *2-3 (S.D. Fla. Nov. 29, 2021) (Singhal, J.) ("It is clear that New York law recognizes a cause of action for an insurer's bad faith as a violation of the contractual implied covenant of good faith and fair dealing and that consequential damages for bad faith are recoverable under certain circumstances."). Accordingly, this Court rejects Accelerant's claim that "New York law does not recognize an independent cause of action for bad faith denial of insurance coverage."  *See* (DE [14], p. 7).

Accelerant then turns to *Scottsdale Insurance Company v. McGrath* to argue that the "Counterclaim contains no facts establishing what damage SV Gratitude's consequential damages might be or how they were within the contemplation of the parties at the time of or prior to contracting."  (DE [30], p. 5) (citing *Scottsdale Ins. Co. v. McGrath*, 549 F. Supp. 3d 334, 354 (S.D.N.Y. 2021) (rejecting policy holder's motion for summary judgment finding that "[i]f [policy] holder cannot recover consequential or punitive damages on a claim of bad faith liability, he cannot avoid the restrictions that New York law places on that claim by seeking such damages on a breach of contract theory

alone.")).  This Court reminds Accelerant that the Motion as it relates to Count I merely contends that "New York law does not recognize an independent cause of action for bad faith denial of insurance coverage." (DE [14], p. 7).  Thus, the Report "make[s] no finding regarding the sufficiency of SV Gratitude's allegations regarding bad faith and consequential damages (including whether such damages were reasonably contemplated by the parties)." (DE [27], p. 9, n. 4).

This Court need not consider new arguments that Accelerant raises as to the sufficiency of SV Gratitude's allegations regarding bad faith and consequential damages. *See Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) (holding that a district court has "broad discretion in reviewing a magistrate judge's report and recommendation" and that it can decline to consider an argument that was not presented the magistrate judge).[2]

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [27]) is **AFFIRMED** and **ADOPTED**.  Plaintiff's Motion to Dismiss Counterclaim (DE [14]) is **GRANTED IN PART AND DENIED IN PART**.  It is **FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (DE [30]) are **OVERRULED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of February 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[2] This Court notes that while it is not required to engage with Accelerant's claims regarding the sufficiency of SV Gratitude's pleadings, SV Gratitude's Counterclaim does list the damages it allegedly incurred as a result of Accelerant's denial of its claims.  *See* (DE [8], ¶ 21). Further, *McGrath* involved a motion for summary judgment and not a motion to dismiss as is the case here.  549 F. Supp. 3d 334.